[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 13, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14262
Non-Argument Calendar

_____

D. C. Docket No. 04-20614-CR-DLG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAVONNE WILKS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 13, 2006)**

Before DUBINA, CARNES and HULL, Circuit Judges.

CARNES, Circuit Judge:

Javonne Wilks appeals his 212-month sentence for possession with the

intent to distribute 35 grams or more of crack cocaine and possession of a firearm by a convicted felon. Wilks' main contention is that the failure of the career offender guideline, U.S.S.G. § 4B1.1, and the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), to distinguish between youthful offender and adult convictions is improper because it conflicts with the reasoning of Roper v. Simmons, 543 U.S. 551, 125 S. Ct. 1183 (2005) (holding that the Eighth Amendment prohibits execution of individuals under the age of eighteen at the time the capital offense is committed). He also contends that the district court erred in counting his youthful offender convictions as predicate offenses in applying the § 4B1.1 and § 924(e)(1) enhancements. Finally, he contends that the enhancements resulted in an unreasonable sentence under United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005).

## I.

We review de novo the district court's application and interpretation of the sentencing guidelines, United States v. Norris, 452 F.3d 1275, 1280 (11th Cir. 2006), and we review factual findings for clear error, United States v. Pinion, 4 F.3d 941, 943 (11th Cir. 1993).

We held in Pinion, 4 F.3d at 944–45, that prior youthful offender convictions under state law may be used as predicate offenses to classify an adult

defendant as a career offender under § 4B1.1 if the defendant's youthful offense resulted in an adult conviction and a sentence of more than one year and one month. To determine whether a defendant was convicted as an adult, we look to "the nature of the proceedings, the sentences received, and the actual time served." Id. at 944. We concluded in Pinion that because the defendant was convicted in an adult court, was sentenced to indeterminate sentences "not to exceed six years," and actually served twenty-seven months, his classification as a youthful offender under state law did not prevent his convictions from counting as predicate offenses in determining career offender status under § 4B1.1. Id. at 944–45. In United States v. Spears, 443 F.3d 1358, 1360–61 (11th Cir. 2006), we held that a defendant's robbery conviction, for a crime committed when he was seventeen years old, counted towards ACCA enhancement because he was prosecuted as an adult and the offense was punishable by a term of imprisonment exceeding one year.

On May 12, 1997, a Florida circuit court twice convicted Wilks as a youthful offender. The first case involved an aggravated assault on a police officer occurring on July 31, 1996. The court found Wilks guilty of that offense and sentenced him to sixteen months imprisonment. The second case involved three separate incidents occurring on August 15, 1996 including grand theft, burglary

3

with assault, and strongarm robbery. The court found Wilks guilty of those offenses as well and sentenced him to a term of sixteen months imprisonment. The Florida circuit court that sentenced Wilks is an adult court. Wilks' treatment as a youthful offender under Florida law limited the maximum term of imprisonment and the type of facility in which he was incarcerated. However, he was otherwise treated as an adult criminal, and he was sentenced to term of imprisonment exceeding one year and one month.

The § 4B1.1 and ACCA enhancements are proper and the outcome of this case is controlled by Pinion and Spears unless we agree with Wilks' contention that those cases have been overruled by the Supreme Court's decision in Roper. They have not. An intervening Supreme Court decision overrules one of our decisions only if it is directly on point. United States v. Blankenship, 382 F.3d 1110, 1141 (11th Cir. 2004), cert. denied, 126 S. Ct. 42 (2005). Wilks' argument that the reasoning in Roper prohibits counting youthful offender convictions to enhance the sentence of an adult offender is meritless. To begin with, we decided Spears after the Roper decision was rendered, so Roper cannot logically be said to overrule that decision. Not only that, but Roper held only that the Eighth Amendment prohibits sentencing capital offenders to death if the offender was under the age of eighteen at the time of the offense.

4

Our conclusion that youthful offender convictions can qualify as predicate

offenses for sentence enhancement purposes remains valid because <u>Roper</u> does not

deal specifically—or even tangentially—with sentence enhancement. It is one

thing to prohibit capital punishment for those under the age of eighteen, but an

entirely different thing to prohibit consideration of prior youthful offenses when

sentencing criminals who continue their illegal activity into adulthood. <u>Roper</u> does

not mandate that we wipe clean the records of every criminal on his or her

eighteenth birthday.

**II.**

Wilks' second contention is that the district court erred in counting his

youthful offender convictions separately for enhancement purposes because the

convictions were consolidated for sentencing. Wilks relies on <u>United States v.</u>

<u>Delvecchio</u>, 920 F.2d 810, 812–13 (11th Cir. 1991), and Florida law for the

proposition that when a defendant is sentenced simultaneously for different

offenses, his sentences are related and cannot be assessed separately under the

guidelines.

We review for clear error a factual finding that prior convictions are

unrelated under § 4A1.2, <u>United States v. Mullens</u>, 65 F.3d 1560, 1565 (11th Cir.

1995), but we review <u>de novo</u> a district court's determination of whether two

crimes constitute two separate felonies for purposes of 18 U.S.C. § 924(e). Spears, 443 F.3d at 1360.

In calculating a criminal history score under § 4A1.2(a)(2), prior sentences imposed for related convictions should be counted as one sentence, but unrelated cases are counted separately. The commentary to that guidelines provision provides: "Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). Otherwise, prior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing." § 4A1.2 cmt. n.3 (2004). We have explained: "The language of Note 3 is clear. In determining whether cases are related, the first question is always whether the underlying offenses are separated by an intervening arrest. This inquiry is preliminary to any consideration of consolidated sentencing, as reflected by use of the word 'otherwise.'" United States v. Hunter, 323 F.3d 1314, 1322–23 (11th Cir. 2003).

The district court did not clearly err when it counted Wilks' youthful offender convictions separately in applying the § 4B1.1 career offender enhancement because his prior convictions are unrelated under § 4A1.2. See §

U.S.S.G. § 4B1.2(c) (2004) (cross-referencing § 4A1.1 for determining whether felony convictions are counted separately under § 4B1.1). Although consolidated for sentencing on the same day, Wilks' first conviction was for a charge of aggravated assault on a law enforcement officer stemming from an arrest on July 31, 1996. Wilks' second conviction stemmed from an arrest on August 15, 1996 for three separate crimes—grand theft, burglary with assault and strongarm robbery. Sixteen days separated the arrests for these two convictions. Because an intervening arrest separated the underlying predicate offenses, the district court did not err in counting them separately and enhancing Wilks' sentence under § 4B1.1.

As for the ACCA enhancement, the language of § 924(e)(1) requires only that the prior felonies or offenses be "committed on occasions different from one another," not that the convictions be obtained on separate occasions. 18 U.S.C.A. § 924(e)(1); United States v. Jackson, 57 F.3d 1012, 1018 (11th Cir. 1995). It does not matter for § 924(e) purposes that the legal consequences of a defendant's separate criminal acts were imposed upon him on the same day. Id. Nor does it matter that the legal consequences were sentences to be served concurrently instead of consecutively. Id. In Jackson, we held that a defendant was an armed career criminal where he pleaded guilty to five counts of robbery on one day and was given concurrent sentences, because the five counts were based on five separate

7

robberies occurring over a two-month period. Id. at 1017–18.

The district court did not err in counting Wilks' youthful offender convictions separately and applying the armed career criminal enhancement under § 924(e) to his sentence. Because the offenses were committed on different occasions, it does not matter that the sentences were imposed upon him on the same day.

Wilks' reliance on Delvecchio is misplaced. We held in Delvecchio that where a defendant is sentenced simultaneously, pursuant to Fed. R. Crim. P. 20, his sentences are related and cannot be assessed separately under the guidelines. 920 F.2d at 812–13. Wilks' prior convictions did not result in simultaneous sentences under Rule 20, because Wilks was sentenced under state law. Moreover, Delvecchio interpreted the 1990 sentencing guidelines, while Wilks was sentenced under the 2004 guidelines. The commentary explaining what is meant by "related cases" is different in each version. Compare U.S.S.G. § 4A1.2 cmt. n.3 (2004) with U.S.S.G. § 4A1.2 cmt. n.3 (1990). Specifically, Note 3 of the commentary to § 4A1.2 in the 1990 guidelines lacks a crucial statement that is present in Note 3 of the commentary to § 4A1.2 in the 2004 guidelines: "Prior sentences are not considered related if they were for offenses that were separated by an intervening arrests (i.e. the defendant is arrested for the first offense prior to committing the

8

second offense)." § 4A1.2 cmt. n.3 (2004). The Note 3 commentary in the 1990 version of the guidelines also does not contain the "otherwise" qualifier that is present in the 2004 version of the guidelines that applies to this case. Compare U.S.S.G. § 4A1.2 cmt. n.3 (2004) with U.S.S.G. § 4A1.2 cmt. n.3 (1990).

"When it comes to the interpretation of the guidelines, 'Commentary and Application Notes of the Sentencing Guidelines are binding on the courts unless they contradict the plain meaning of the text of the Guidelines.'" United States v. Lebovitz, 401 F.3d 1263, 1269 n.3 (11th Cir. 2005) (quoting United States v. Murrell, 368 F.3d 1283, 1288 n.4 (11th Cir. 2004)). We are bound by the § 4A1.2 Note 3 commentary in the 2004 guidelines because it does not contradict the plain meaning of § 4A1.2. That commentary clearly means that where, as here, a defendant is sentenced simultaneously for offenses separated by an intervening arrest, the cases are not related under § 4A1.2.

**III.**

Finally, Wilks contends that the application of the U.S.S.G. § 4B1.1 and 18 U.S.C. § 924(e)(1) enhancements to his sentence resulted in an unreasonable sentence under Booker. We disagree.

After Booker, we review a defendant's sentence for "unreasonableness" in the context of the § 3553(a) factors. See Booker, 543 U.S. at 264, 125 S. Ct. at

9

767; United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir. 2005). Section 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the advisory guidelines range; (8) the need to avoid unwanted sentencing disparities; and (9) the need to provide restitution to victims. See 18 U.S.C. § 3553(a).

"Review for reasonableness is deferential." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). "[N]othing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005); United States v. Robles, 408 F.3d 1324, 1328 (11th Cir. 2005) (stating that post-Booker district courts are not required to conduct an accounting of every § 3553(a) factor and explain how each factor played a role in the sentencing decision). The party challenging a sentence bears the burden of establishing unreasonableness in light of the § 3553(a) factors and the record established in the district court. Talley, 431 F.3d at 788.

10

The district court stated that it had considered the § 3553(a) factors and the advisory guidelines range in determining Wilks' sentence. It explained its concerns about the seriousness of the offense, Wilks' significant criminal history, and the need to deter future criminal conduct. The district court also took into account Wilks' age at the time of the predicate offenses in deciding on a sentence of 212 months imprisonment. That sentence is fifty months shorter than the low end of Wilks' recommended guidelines range of 262–367 months. Wilks has failed to meet his burden of showing that his sentence is unreasonable.

**AFFIRMED.**