[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 9, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14045
Non-Argument Calendar

_____

D. C. Docket No. 97-00444-CR-T-26-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERTO GONZALEZ,

Defendant-Appellant.

_____

No. 06-14046
Non-Argument Calendar

_____

D.C. Docket No. 98-00144-CR-T-26-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERTO GONZALEZ,

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

**(February 9, 2007)**

Before TJOFLAT, ANDERSON and BARKETT, Circuit Judges.

PER CURIAM:

On December 2, 1997, the district court accepted Roberto Gonzalez's plea of guilty, made pursuant to a plea agreement, to a charge of conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846. Gonzalez failed to appear for sentencing, and on April 8, 1998, a grand jury indicted him under 18 U.S.C. § 3146(a)(1).

Gonzalez was arrested on March 24, 2006. On April 19, 2006, he pled guilty to the failure-to-appear charge. On July 7, 2006, the district court sentenced him in both cases at the low end of the Guidelines range (of 63 to 78 months' imprisonment) to a total of 63 months' imprisonment – 62 months on the cocaine charge and one month on the failure-to-appear charge. He now appeals his sentences, contending that the district court erred in refusing to reduce his base offense level for acceptance of responsibility under U.S.S.G. § 3E1.1 and in imposing sentences that are unreasonable in light of the factors outlined in 18

2

U.S.C. § 3553(a).

We review the district court's determination as to acceptance of responsibility for clear error. United States v. Moriarty, 429 F.3d 1012, 1022 (11th Cir. 2005). The sentencing judge is entitled to "great deference" on review, so "we will not set aside a district court's determination that a defendant is not entitled to a § 3E1.1 adjustment unless the facts in the record clearly establish that the defendant has accepted responsibility." Id. at 1022-23. The burden of demonstrating acceptance of responsibility is on the defendant. Id. at 1023. "Although a guilty plea can constitute significant evidence of acceptance of responsibility, it may be outweighed by conduct of the defendant inconsistent with an acceptance of responsibility." Id.

The Guidelines state that "[c]onduct resulting in an enhancement under § 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." U.S.S.G. § 3E1.1, comment (n.4). A defendant who receives an enhancement for obstruction of justice is entitled to an adjustment for acceptance of responsibility in only exceptional cases. Id.; United States v. Amedeo, 370 F.3d 1305, 1321 (11th Cir. 2004).

Although Gonzalez initially took responsibility for his role in the cocaine

conspiracy by pleading guilty, he did not appear at his sentencing hearing for that conviction and remained a fugitive for almost eight years. Moreover, the district court explicitly found that Gonzalez's case was not an exceptional one that warranted both an enhancement for obstruction of justice and a reduction for acceptance of responsibility. In light of these circumstances and the great deference afforded the court on § 3E1.1 adjustments, the district court did not clearly err by denying the acceptance of responsibility adjustment.

"In reviewing the ultimate sentence imposed by the district court for reasonableness, we consider the final sentence, in its entirety, in light of the § 3553(a) factors." United States v. Martin, 455 F.3d 1227, 1237 (11th Cir. 2006). The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the advisory guidelines range; (8) the need to avoid unwanted sentencing disparities; and (9) the need to provide restitution to victims. 18 U.S.C. § 3553(a). The district court need not discuss each factor or state on the record that it has explicitly considered each

4

factor. United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). An acknowledgment by the district court that it has considered the defendant's arguments and the § 3553(a) factors will suffice. Id.

The reasonableness review is deferential, and the burden of proving that the sentence is unreasonable in light of the record and the § 3553(a) factors rests on the party challenging the sentence. United States v. Wilks, 464 F.3d 1240, 1245 (11th Cir. 2006), cert. denied, (U.S. Nov. 27, 2006) (No. 06-7334). Although a sentence within the Guidelines range will not be considered per se reasonable, "when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." Talley, 431 F.3d at 787-88; United States v. Hunt, 459 F.3d 1180, 1184 (11th Cir. 2006) (holding that, while there is no "across-the-board prescription" for the appropriate deference to give the Guidelines, a district court may have good reason to follow the Guidelines in a particular case).

Here, in imposing Gonzalez's sentences, the district court heard his mitigating circumstances, such as his minimal role in the cocaine conspiracy, his lack of a criminal record, and his health and family circumstances, all of which are relevant to the nature and circumstances of his offenses and his history and characteristics under § 3553(a)(1). The court reflected consideration of these

5

arguments by acknowledging Gonzalez's minimal culpability for the cocaine conspiracy, expressing sympathy for Gonzalez in light of his age and hard work, and choosing a total sentence at the lowest end of the Guidelines range. The Guidelines calculations also took into account Gonzalez's minimal role in the drug conspiracy through a four-level downward adjustment to the base offense level. The court considered the advisory Guidelines range, the parties' arguments, the available sentences, and the § 3553(a)(3) and (4) factors. The court also discussed the need to deter others from failing to appear at their sentencing hearings, a consideration under § 3553(a)(2)(B). Finally, the court's recommendation that Gonzalez receive treatment for alcohol abuse and training in English and with computers reflects consideration of Gonzalez's need for medical treatment and educational and vocational training, a factor under § 3553(a)(2)(D).

In sum, the district court's decision reflects consideration of many of the § 3553(a) factors. Although the court did not discuss each factor on the record, it is not required to do so, and its acknowledgment that it considered all of the factors is sufficient. Talley, 431 F.3d at 786. Given the record before us, Gonzalez has not met his burden of showing that the court imposed unreasonable sentences.

**AFFIRMED.**