[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 15, 2007
THOMAS K. KAHN
CLERK

No. 06-15069
Non-Argument Calendar

_____

D. C. Docket No. 05-00129-CR-FTM-29-SPC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MAURO LUIS BADILLO LOZANO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 15, 2007)**

Before TJOFLAT, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

In December 2005, appellant and three other men were apprehended while aboard a fishing vessel transporting more than 3,500 pounds of cocaine headed for the United States. Appellant had agreed to take part in the voyage as the vessel's cook for a payment of $4,000, $2,000 of which he had received in advance. A Middle District of Florida grand jury subsequently returned a two-count indictment against appellant and the others charging them in Count One of possession with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. app. § 1903(a), (g), and 21 U.S.C. § 960(b)(1)(B)(ii), and in Count Two of conspiring to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. app. § 1903(a), (g), (j), and 21 U.S.C. § 960(b)(1)(B)(ii). Appellant pled guilty to both counts pursuant to a plea agreement, and on September 5, 2006, the district court sentenced him to concurrent prison terms of 135 months, at the low end of the Sentencing Guidelines sentence range for a defendant with a criminal history category I, i.e., 135-168 months.

He now appeals, arguing that the district court erred (1) in calculating his sentence range because it refused to adjust his offense level downward by two levels, pursuant to U.S.S.G. § 3B1.2(b), for playing a minor role in the offenses,

2

and (2) in imposing unreasonable sentences.

Minor-Role Adjustment

We have "long and repeatedly held that a district court's determination of a defendant's role in the offense is a finding of fact to be reviewed only for clear error." United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). This is a fact-intensive inquiry and, "[s]o long as the basis of the trial court's decision is supported by the record and does not involve a misapplication of a rule of law," we rarely conclude that the district court's determination is clearly erroneous. Id. at 945.

The Sentencing Guidelines provide for a downward adjustment of the offense level "for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant." U.S.S.G. § 3B1.2, comment. (n.3). A defendant who "is less culpable than most other participants, but whose role could not be described as minimal" is granted a two-level adjustment as a minor participant. Id., comment. (n.5). The defendant bears the burden of proving a mitigating role in the offense by a preponderance of the evidence. De Varon, 175 F.3d at 939.

When determining a defendant's role in the offense, the district court must measure the defendant's role against the relevant conduct attributed to the

3

defendant.  Id. at  940-41.  "[W]here the relevant conduct attributed to a defendant is identical to [his] actual conduct, [he] cannot prove that [he] is entitled to a minor role adjustment simply by pointing to some broader criminal scheme in which [he] was a minor participant but for which [he] was not held accountable."  Id. at 941.  In many cases, this analysis will be dispositive, id. at 945, but, if it is not, the district court may also measure the defendant's role against other participants who are identifiable from the evidence and who were involved in the relevant conduct attributed to the defendant, id. at 944.  "The conduct of participants in any larger criminal conspiracy is irrelevant."  Id.  The district court need not make any specific findings other than the ultimate determination of the defendant's role in the offense.  Id. at 940.

In the drug courier context, the amount of drugs involved is a material consideration in the assessment of the defendant's role and, in some circumstances, may be a determinative factor.  Id. at 943.  Other factors relevant to discerning the defendant's culpability include, but are not limited to: the "fair market value of drugs, amount of money to be paid to the courier, equity interest in the drugs, role in planning the criminal scheme, and role in the distribution."  Id. at 945.

Here, appellant was held accountable for his actual conduct, which was helping to transport 3,500 pounds of cocaine by serving as one of three crew

members on a vessel carrying that quantity of cocaine. He did not meet his burden to establish that he played a lesser role in transporting the drugs than the other two crew members. Therefore, the district court did not clearly err by refusing to reduce his offense level under U.S.S.G. § 3B1.1(2)(b).

Reasonableness

"In reviewing the ultimate sentence imposed by the district court for reasonableness, we consider the final sentence, in its entirety, in light of the [18 U.S.C.] § 3553(a) factors." United States v. Martin, 455 F.3d 1227, 1237 (11th Cir. 2006). The section 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the advisory guidelines range; (8) the need to avoid unwanted sentencing disparities; and (9) the need to provide restitution to victims. The district court need not discuss each factor or state on the record that it has explicitly considered each factor. United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). An acknowledgment by the district court that it has considered the defendant's arguments and the § 3553(a)

factors will suffice.  Id.

The reasonableness review is deferential, and the burden of proving that the sentence is unreasonable in light of the record and the § 3553(a) factors rests on the party challenging the sentence.  United States v. Wilks, 464 F.3d 1240, 1245 (11th Cir. 2006), cert. denied,  127 S.Ct. 693 (2006).  Although a sentence within the Guidelines range will not be considered per se reasonable, "when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one."  Talley, 431 F.3d at 787-88.

Appellant has not met his burden to establish that the district court imposed unreasonable sentences.  The record reflects that the court viewed the Sentencing Guidelines as advisory and properly considered the purposes of sentencing as reflected in 18 U.S.C. § 3553(a).

AFFIRMED.