[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 16, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15360
Non-Argument Calendar

_____

D. C. Docket No. 06-00063-CR-3-MCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KARA HOOD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(August 16, 2007)**

Before DUBINA, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Kara Hood appeals her sentence of 78 months of imprisonment following a

plea of guilty to conspiracy to distribute at least five hundred grams of cocaine and five grams of cocaine base. See 21 U.S.C. §§ 841(b)(1)(B)(ii)–(iii), 846. Hood argues that the district court (1) clearly erred when it applied a two-level enhancement for the use of a minor in furtherance of the conspiracy, see United States Sentencing Guidelines § 3B1.4 (Nov. 2005), (2) erred when it refused to reject the disparate sentencing for crack cocaine versus powder cocaine, and (3) imposed an unreasonable sentence. We affirm.

## STANDARDS OF REVIEW

We review the application by a district court of a Sentencing Guideline de novo and findings of fact for clear error. See United States v. Wilks, 464 F.3d 1240, 1242 (11th Cir. 2006).

We review a sentence for reasonableness. United States v. Talley, 431 F.3d 784, 785 (11th Cir. 2005). "Review for reasonableness is deferential." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." Id. "When we review a sentence for reasonableness, we do not, as the district court did, determine the exact sentence to be imposed." Id. "We must evaluate whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in

2

section 3553(a)." Id. "[W]hen the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." Id.

## II. DISCUSSION

This appeal presents three issues: (1) whether the district court clearly erred when it applied an enhancement to Hood's sentence for use of a minor in furtherance of a conspiracy, see U.S.S.G. § 3B1.4; (2) whether the district court should have rejected the disparate treatment by Congress of offenses involving powder cocaine and those involving crack cocaine; and (3) whether the district court imposed a reasonable sentence. We address each in turn.

First, Hood contends that the district court clearly erred when it applied the use of a minor enhancement to Hood's offense conduct, but we disagree. The advisory Guidelines instruct a district court to increase the offense level of a defendant by two levels if she "used or attempted to use a person less than eighteen years of age to commit an offense or assist in avoiding detection of, or apprehension of, the offense." See U.S.S.G. § 3B1.4. The enhancement applies to all participants in the offensive conduct when the use of a minor was "reasonably foreseeable." United States v. McClain, 252 F.3d 1279, 1288 (11th Cir. 2001).

The district court did not clearly err when it found that Amber's involvement

in the conspiracy was reasonably foreseeable to Hood. Hood's sister, Amber, approached Hood about permitting a third-party co-conspirator to cook cocaine in Hood's apartment. Amber was a minor at that time.

Second, Hood concedes that her argument that the district court should have rejected the sentencing discrepancy between powder cocaine offenses and crack cocaine offenses is foreclosed by our precedent. See United States v. Williams, 456 F.3d 1353 (11th Cir. 2006). The disparate treatment by Congress of powder versus crack offenses is an impermissible consideration in sentencing. Id. at 1367. "[I]t is not for the courts to say just how much worse crack cocaine is than powder cocaine." Id.

Third, Hood contends that her sentence was unreasonable because of the disparity between Hood's sentence of 78 months of imprisonment and the sentence of Hood's minor sister, Amber, for one day time served and one year of house arrest. Hood's argument fails. The transcript of the sentencing hearing establishes that the district court sentenced Hood after careful consideration of Hood's arguments in favor of mitigation, the Guidelines, and the sentencing factors of section 3553(a). The sentence Hood received, which was at the low end of the advisory Guidelines range, was reasonable.

Hood's sentence is

**AFFIRMED.**