[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 1, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-11382
Non-Argument Calendar

_____

D. C. Docket No. 06-00327-CR-MHS-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HECTOR FRANCISCO GONZALEZ,
a.k.a. Jose Miranda-Miranda,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(October 1, 2007)**

Before TJOFLAT, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Hector Francisco Gonzalez appeals his sentence of 70 months of

imprisonment for entering the United States after having been deported. See 8 U.S.C. §§ 1326(a), (b)(2). Gonzalez argues that the district court clearly erred when it found that Gonzalez's offense commenced in 2001 for purposes of calculating his criminal history and imposed an unreasonable sentence. We affirm.

Gonzalez argues that the district court erred when it found that his illegal reentry to the United States commenced in 2001. He argues that this error increased his criminal history category from III to V based on the number of relevant past convictions, see United States Sentencing Guidelines § 4A1.2(e) (Nov. 2006), and led to a more punitive sentencing range of 70 to 87 months of imprisonment, as opposed to a range of 46 to 57 months. Gonzalez contends that the district court should have relied on his statement to the Bureau of Immigration and Customs Enforcement investigators that his most recent reentry was in February 2005 instead of the Social Security records of Gonzalez's reported income between 2001 and 2003.

We review the application by a district court of the Sentencing Guidelines de novo and findings of fact for clear error. See United States v. Wilks, 464 F.3d 1240, 1242 (11th Cir. 2006).

The district court did not clearly err when it determined that Gonzalez's most recent illegal reentry occurred in 2001. Gonzalez reported income between

2001 and 2003 and, during the sentencing hearing, admitted entering the United States in 2001. Although Gonzalez offered evidence that he left in 2004 and reentered in 2005, the district court did not clearly err when it discredited that evidence and found that the crime commenced in 2001.

Gonzalez also argues that his sentence of 70 months of imprisonment was unreasonable. We review a sentence for reasonableness and that review is deferential. United States v. Talley, 431 F.3d 784, 785–88 (11th Cir. 2005). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." Id. at 788. "When we review a sentence for reasonableness, we do not, as the district court did, determine the exact sentence to be imposed." Id. "We must evaluate whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." Id. "[W]hen the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." Id.

Gonzalez's sentence of 70 months of imprisonment was reasonable. The sentence was within the advisory Guidelines range and below the statutory maximum sentence. Both the sentencing order and the transcript of the sentencing hearing establish that the district court sentenced Gonzalez after careful

3

consideration of Gonzalez's arguments in favor of mitigation, the Guidelines, and the sentencing factors of section 3553(a).

Gonzalez's sentence is

**AFFIRMED.**