[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 22, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-10116
Non-Argument Calendar

_____

D. C. Docket No. 06-60180-CR-KAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESSENG GUERRIER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 22, 2008)**

Before BIRCH, CARNES  and BARKETT, Circuit Judges.

PER CURIAM:

Jesseng Guerrier appeals his 158-month sentence for possession with intent

to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). The district judge sentenced him as a career offender based on prior convictions. We affirm.

## I. BACKGROUND

Guerrier pled guilty to possession with intent to distribute cocaine, in violation of § 841(a)(1). His Presentence Investigation Report ("PSI") shows that Guerrier was arrested while burglarizing a dwelling in December 1999, when he was sixteen years old. The case originally was filed in juvenile court but subsequently was filed in adult court, where Guerrier was sentenced on November 29, 2000, to two years of community supervision. That sentence, however, was revoked on 6 June 2002 for violations of the terms of Guerrier's supervision, which resulted in a sentence of 364 days of imprisonment.

Additionally, Guerrier was apprehended in August 2000, at age seventeen, for possession with intent to distribute cocaine. That case also originally was filed in juvenile court and later was filed in adult court. On November 29, 2000, Guerrier was sentenced to two years of community supervision for that crime. This sentence also was revoked on June 6, 2002, and resulted in a sentence of 364 days of imprisonment.

Pursuant to the career-offender provision, Guerrier had an enhanced offense level of 34, because he had two qualifying prior felony convictions. After a

three-level reduction for acceptance of responsibility and assistance to the government, Guerrier's total offense level was 31. With a criminal history category of VI, assigned pursuant to the career-offender enhancement, Guerrier's Sentencing Guidelines range was 188 to 235 months of imprisonment.

At sentencing, Guerrier's counsel argued that, because the two qualifying crimes had occurred when Guerrier was a juvenile, and he had received the same sentence on the same day from the same judge, the cases should be considered a single, related case for purposes of scoring them under the career-offender enhancement. He contended that there was no intervening arrest between the two charges, because Guerrier was not arrested for either charge but was "taken into custody" as a juvenile and cited a Florida statute that states that taking a child into custody is not an arrest. R3 at 6. Defense counsel argued that the cases were not criminal cases under the Sentencing Guidelines until the state filed them as adult charges and that there was no intervening arrest because he was taken into custody and not arrested.

The district judge noted that, when offenses are separated by an intervening arrest, the cases "are never related." Id. at 30. Regarding Guerrier's argument that he never was arrested, the district judge stated that, "once these cases were direct filed as adult cases, you have to, at the very least, relate back to the original date of

3

his being picked up or taken into custody . . . as the date of the arrest for federal guideline sentencing purposes." Id. at 31. Accordingly, the district judge found that the PSI properly categorized Guerrier as a career offender. The judge then determined that a sentence below the Sentencing Guidelines advisory range would be sufficient and sentenced Guerrier to 158 months of imprisonment. On appeal, appellate counsel pursues Guerrier's argument that he was sentenced erroneously as a career offender.

## II. DISCUSSION

Guerrier's appellate counsel argues that he did not have two prior felony convictions, because the two convictions that the district court used in applying the career-offender enhancement should have been treated as related because they were consolidated, and no intervening arrest separated the two, since he was "taken into custody" as a juvenile rather than "arrested" as an adult for the crimes. Counsel asserts that the fact that the state subsequently filed both cases in adult court did not change the fact that Guerrier was taken into custody for both crimes as a juvenile for juvenile-delinquency proceedings. Therefore, counsel contends that taking Guerrier into custody was not an arrest.

Our review of a district judge's "application and interpretation" of the Sentencing Guidelines is de novo and clear error for findings of fact. United States

4

v. Rhind, 289 F.3d 690, 693 (11th Cir. 2002).  Specifically, we review a factual

finding that prior convictions are unrelated under U.S.S.G. § 4A1.2 for clear error.

United States v. Wilks, 464 F.3d 1240, 1243 (11th Cir.), cert. denied, __ U.S. __,

127 S.Ct. 693 (2006).

> The Sentencing Guidelines provide that:
>
> A defendant is a career offender if (1) [he] was at least eighteen years
> old at the time [he] committed the instant offense of conviction; (2)
> the instant offense of conviction is a felony that is either a crime of
> violence or controlled substance offense; and (3) [he] has at least two
> prior felony convictions of either a crime of violence or a controlled
> substance offense.

U.S.S.G. § 4B1.1(a) (2006).  Section 4B1.2(c) states that "'two prior felony

convictions' means . . . the sentences for at least two of the . . . felony convictions

are counted separately under . . . § 4A1.1(a), (b), or (c)," which lists the number of

points assigned to prior sentences based on sentence length.  Id. § 4B1.2(c).  Prior

sentences imposed in unrelated cases are to be counted separately.  Id. §

4A1.2(a)(2).  At the time of Guerrier's sentencing, application note 3 to § 4A1.2

stated that:

> Prior sentences are not considered related if they were for offenses
> that were separated by an intervening arrest (i.e., the defendant is
> arrested for the first offense prior to committing the second offense).
> Otherwise, prior sentences are considered related if they resulted from
> offenses that . . . were consolidated for trial and sentencing.

Id. § 4A1.2 cmt. n.3.  As amended in 2007, the Sentencing Guidelines now

5

provide:

> If the defendant has multiple prior sentences, determine whether those sentences are counted separately or as single sentence. *Prior sentences always are counted separately if the sentences are imposed for offenses that were separated by an intervening arrest* (i.e., the defendant is arrested for the first offense prior to committing the second offense).

U.S.S.G. § 4A1.2(a)(2) ( 2007) (emphasis added). The former phrase, "related cases," which had caused confusion, has been changed to "single" and "separate" sentences. We can consider this clarifying amendment in reviewing Guerrier's sentence. United States v. Scroggins, 880 F.2d 1204, 1215 (11th Cir. 1989).

Additionally, § 4A1.2(d) provides that three criminal history points are added if an offense is committed prior to age eighteen, and "the defendant was convicted as an adult and received a sentence of imprisonment exceeding one year and one month."[1] U.S.S.G. § 4A1.2(d)(1) (2006). It would be incongruous not to count as two crimes a consolidated action that would have counted as two crimes had the defendant been an adult based solely on the name used for the action of apprehending the criminal. In the context of the Sentencing Guidelines, it is reasonable to conclude that, when a juvenile is taken into custody after

---

[1] In Wilks, we rejected the appellant's argument that, because his two youthful offender convictions were consolidated for sentencing, they should not have been counted as two separate convictions. 464 F.3d at 1243-45. Wilks did not argue, however, based on the language of statutes dealing with juvenile crimes, that there was no intervening arrest. Id. at 1243.

burglarizing a house, and later is tried as an adult for this crime, his being taken into custody constituted an arrest.

The record shows that Guerrier was arrested, or taken into custody as a juvenile, for burglary of a dwelling in December 1999 and again for possession with intent to distribute cocaine in August 2000. Subsequently, he was charged and convicted as an adult in a proceeding consolidating the two crimes. The arrest for burglary, which occurred prior to his committing the crime of cocaine possession, constituted an intervening arrest between the crimes of burglary and cocaine possession, thereby making the consolidated cases unrelated. U.S.S.G. § 4A1.2 & cmt. n.3.

Therefore, the arrest for burglary, which occurred prior to Guerrier's committing the crime of cocaine possession, constituted an intervening arrest between the crimes of burglary and cocaine possession, which made the consolidated cases unrelated. Id. Consequently, the district judge did not err in finding that, once Guerrier was charged as an adult, the arrest date related back to the time when he was taken into custody under the Sentencing Guidelines. R4 at 31. Therefore, the district judge did not err in applying the career-offender enhancement in sentencing Guerrier. Nonetheless, the judge sentenced Guerrier to a sentence below the Sentencing Guidelines advisory range, which he determined

7

to be sufficient.

## III. CONCLUSION

Guerrier has appealed his 158-month sentence for possession with intent to distribute cocaine as erroneous because the career-offender enhancement was applied. As we have explained, the career-offender enhancement was appropriate. Therefore, Guerrier's sentence is **AFFIRMED.**