NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued December 4, 2007
Decided August 5, 2008

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 07-2134

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Eastern District of Wisconsin |
| | |
| *v.* | No. 06-CR-8 |
| | |
| LAWRENCE W. BENSON, | Lynn Adelman, |
| *Defendant-Appellant*. | *Judge*. |

**O R D E R**

This appeal presents two constitutional challenges to the district court's application of the Armed Career Criminal Act, 18 U.S.C. § 924(e), to Lawrence Benson. First, Benson invites us to extend the logic of *Roper v. Simmons*, 543 U.S. 551 (2005), beyond the capital punishment setting and find that the Eighth Amendment bars courts from using offenses committed before the defendant reached age 18 when considering whether to apply the armed career criminal enhancement. Second, he urges that his 180-month sentence violates his Fifth and Sixth Amendment rights because the facts used to enhance his term of imprisonment above the ordinary 10-year statutory maximum were neither admitted by Benson nor found beyond a

reasonable doubt by a jury. Prior decisions of this court have definitively rejected each of these arguments.

**I**

On January 18, 2006, a federal grand jury returned a two-count indictment charging Benson with being a felon knowingly in possession of ammunition (Count One) and with possession of marijuana (Count Two). A year later, on January 19, 2007, Benson pleaded guilty to the charge for possession of ammunition. His sentencing hearing took place on April 25, 2007, at which time the district court imposed its sentence of 180 months' imprisonment. Count Two was dismissed on the Government's motion. Benson's 15-year sentence is the mandatory minimum he can receive under the Armed Career Criminal Act, but it is five years above the 10-year statutory maximum for the ammunition offense that would have applied had he not qualified as an armed career criminal.

The charges against Benson flowed from a traffic stop, during which Milwaukee police officers conducted a "wanted check" and learned of an outstanding warrant for Benson's arrest based on a probation violation. After accepting the officers' invitation to step out of his car, Benson was placed under arrest; he informed the officers that he was carrying a gun magazine. He spoke the truth: the officers promptly searched him and found not only a Colt pistol magazine loaded with seven rounds of Wolf brand .45 ACP caliber ammunition, but also a plastic bag containing .93 grams of marijuana. After the officers recited the familiar *Miranda* warnings to him, Benson explained that he had purchased the "nickel bag" of marijuana for personal use and that during the purchase he had stepped on a "big black clip." This clip, he saw, was a black handgun magazine loaded with bullets, which Benson decided to pick up and stow in his pocket. That is just where the officers found the magazine when they searched him.

A subsequent background check revealed that Benson had an extensive criminal history, beginning in 1984 when he was 12 years old. The presentence report ("PSR") lists six additional juvenile adjudications covering a multitude of offenses, including burglary, robbery, battery, resisting an officer, obstructing an officer, disorderly conduct, possession of cocaine, and (most relevant for our purposes) an adjudication by jury when Benson was 13 for injury by negligent use of a dangerous weapon. According to the PSR, young Benson retrieved a pistol from his mother's bedroom, put one bullet in it, spun the cylinder, and pulled the trigger several times. The result was that someone (it is unclear who, but it was not Benson) got shot. Benson's other juvenile adjudications occurred when he was 12, 13, 15, and 17 years old.

Benson's criminal conduct did not cease when he reached the age of majority. His adult record features felony convictions for possession of a short-barreled shotgun in 1991, armed robbery and false imprisonment in 1993, and felon in possession of a firearm in 2004. Benson was 35 at the time of the traffic stop that led to the current charges. (The hiatus in criminal

convictions from 1993 to 2004 is easily explained: for nearly all of that time, Benson was incarcerated.)

Based on this sorry record, the PSR calculated a criminal history category of V. Noting that Benson's record featured three prior felony convictions for crimes of violence, the PSR also concluded that Benson qualified as an armed career criminal under 18 U.S.C. § 924(e). The district judge adopted the PSR in full, though it sentenced Benson to the mandatory minimum of 180 months, rather than the 210 months recommended in the report. The court did so based on its analysis of the factors in § 3553(a). Moreover, the Government had stated at sentencing that it thought "180 months is sufficient." Without the armed career criminal enhancement, Benson's advisory Guidelines range would have been 46 to 57 months.

The specific crimes that predicated the armed career criminal enhancement were the 1991 possession of a short-barreled shotgun; the 1993 charge of armed robbery and false imprisonment; and the 1984 juvenile adjudication for injury by negligent use of a dangerous weapon. Benson focuses on the last of these three, arguing that the proportionality principle articulated in *Simmons* also bars the use of a juvenile adjudication as a predicate for an enhancement under the Armed Career Criminal Act. He also raises, solely in order to preserve it for further review, the argument that the enhancement is barred on Fifth and Sixth Amendment grounds because a jury did not find the facts used to increase the maximum penalty beyond a reasonable doubt.

## II

When Benson filed, briefed, and argued this appeal, this court had yet to address directly his *Simmons*-based Eighth Amendment challenge to the use of his juvenile conviction for purposes of a sentencing enhancement based on recidivism. We had, however, expressly rejected a "public policy" argument against considering juvenile offenses when applying this kind of enhancement. See *United States v. Wilburn*, 473 F.3d 742, 746 (7th Cir. 2007). Benson acknowledges *Wilburn* but argues that because it did not speak directly to the particular considerations that the Supreme Court addressed in *Simmons*, it is not dispositive for his case.

That argument is now foreclosed, at least in this circuit. Two weeks after oral argument in Benson's case, we had occasion to face it squarely. In *United States v. Salahuddin*, 509 F.3d 858 (7th Cir. 2007), the defendant argued, as Benson does, that offenses committed when he was a juvenile (there, armed robbery) could not, in light of *Simmons*, be used as a predicate for armed career criminal status. We concluded that the argument was "without merit." 509 F.3d at 863. We first noted that one of our sister circuits already had addressed, and rejected, this exact argument. *Id.* (citing *United States v. Wilks*, 464 F.3d 1240, 1243 (11th Cir. 2006)). Though we acknowledged that decisions of other circuits do not bind us, we found the Eleventh Circuit's reasoning in *Wilks* persuasive. As we explained in *Salahuddin*:

> *Roper* held that executing a person for conduct that occurred before the offender was eighteen violates the Eighth Amendment, but it permitted imposing a sentence of life imprisonment based on conduct that occurred when the offender was a juvenile. 543 U.S. at 560. *Roper* did not specifically or even tangentially address increasing a sentence to imprisonment on the basis of juvenile crimes or convictions. *Wilks*, 464 F.3d at 1243. The Court's reasoning in Roper was based "in large measure on the 'special force' with which the Eighth Amendment applies when the state imposes the ultimate punishment of death." *United States v. Mays*, 466 F.3d 335, 340 (5th Cir. 2006) (citing *Roper*, 543 U.S. at 568-69). The reasoning in *Roper* therefore applies "with only limited, if any, force outside of the context of capital punishment." *United States v. Feemster*, 483 F.3d 583, 588 (8th Cir. 2007)[, vacated and remanded on other grounds, 128 S.Ct. 880 (2008)].

509 F.3d at 863-64 (parallel citations omitted). Noting that our decision conformed with the law of the Supreme Court and of our sister circuits and that it was consistent with our prior decision in *Wilburn*, we held expressly in *Salahuddin* that "the Eighth Amendment does not prohibit using a conviction based on juvenile conduct to increase a sentence under the armed career criminal provisions." *Id.* at 864. Though Benson and his counsel did not have the benefit of *Salahuddin* when they raised this argument, that decision now dictates that we reject it once again today.

Similarly, we must also reject Benson's contention that a jury is required to find prior convictions beyond a reasonable doubt before they can be used to enhance a defendant's sentence. Under binding Supreme Court authority (as we have held many times before), the Fifth and Sixth Amendments do not require that prior convictions be put to a jury before they are used to enhance a defendant's sentence. *Almendarez-Torres v. United States*, 523 U.S. 224, 247 (1998); see also *Salahuddin*, 509 F.3d at 863 (collecting cases from this circuit). Benson was aware that the law was against him, and he concedes in his brief that he raises this argument solely to preserve it for possible consideration by the U.S. Supreme Court. We therefore reject it, but note that he has properly preserved it.

*     *     *

The judgment of the district court is AFFIRMED.