[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 5, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-15668
Non-Argument Calendar

_____

D. C. Docket No. 08-00085-CR-ORL-31DAB

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

LESLIE DUPPINS, JR.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 5, 2009)

Before CARNES, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

The United States appeals the 120-month sentence imposed on Leslie

Duppins, Jr. for two counts of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and two counts of possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii).  On appeal, the government argues that the district court erred in refusing to qualify Duppins as a career offender by concluding that Duppins's prior conviction for fleeing or attempting to elude a police officer under Fla. Stat. § 316.1935(1) (2004) is not a "crime of violence" under the career offender guideline, U.S.S.G. § 4B1.1(a).

We review a district court's application and interpretation of the Sentencing Guidelines de novo.  United States v. Wilkes, 464 F.3d 1240, 1242 (11th Cir. 2006).  A crime is a "crime of violence" under the career offender guideline if it is punishable by imprisonment for a term exceeding one year under state or federal law and "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."  U.S.S.G. § 4B1.2(a).  A crime "otherwise involves conduct that presents a serious potential risk of physical injury to another" if it is "roughly similar, in kind as well as in degree of risk posed" to the enumerated crimes.  Begay v. United States, __ U.S. __,128 S. Ct. 1581, 1585

2

(2008).

In United States v. Harrison, we held that a violation of § 316.1935(2) is not a "violent felony" under the Armed Career Criminal Act ("ACCA"). 558 F.3d 1280, 1296 (11th Cir. 2009). Because we use the same analysis to determine whether a crime is a "crime of violence" under the career offender guideline or a "violent felony" under the ACCA, Harrison is controlling.[1] See United States v. Archer, 531 F.3d 1347, 1350 n.1 (11th Cir. 2008) ("The Supreme Court's Begay decision regarding the ACCA is instructive here because of the similar definitions of a 'crime of violence' in the Guidelines and of a 'violent felony' in [the] ACCA.").

Upon review of the record and consideration of the parties' briefs, we discern no reversible error. In light of Harrison, addressing a similar provision of the same code section, the district court did not err in concluding that Duppins's prior conviction for fleeing or attempting to elude a police officer under Fla. Stat. § 316.1935(1) is not a "crime of violence" within the meaning of the career offender guideline under U.S.S.G. § 4B1.2(a).[2] Harrison is controlling.

---

[1] Harrison was published after the briefs were filed in this appeal, but each party submitted Harrison as supplemental authority.

[2] We need not address whether a more serious crime under § 316.1935, using language regarding driving at high speeds and demonstrating "a wanton disregard for the safety of persons or property," would qualify as a "crime of violence." See Fla. Stat. § 316.1935(3) (2004).

Accordingly, we affirm.

AFFIRMED.[3]

---

[3] The government's request for oral argument is denied.