[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 27, 2010
JOHN LEY
CLERK

No. 09-14439
Non-Argument Calendar

_____

D. C. Docket No. 09-00029-CR-4-RH


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIGUEL ANGEL HUERTA,
a.k.a. Miguel Angel Estrada,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(May 27, 2010)

Before EDMONDSON, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Miguel Angel Huerta appeals his 15-month low-end guideline sentence, after pleading guilty to illegal re-entry after deportation, in violation of 8 U.S.C. § 1326(a) and (b)(1). Huerta concedes that Vega-Castillo[*] forecloses his argument that the district court should have considered sentencing disparities between fast-track and non-fast-track districts when it imposed his sentence. He nevertheless submits that we wrongly decided Vega-Castillo and asks us to reconsider it en banc.

We review de novo the district court's application and interpretation of the sentencing guidelines. United States v. Wilks, 464 F.3d 1240, 1242 (11th Cir. 2006). Under our prior precedent rule, a panel of this Court is bound to follow a prior binding precedent, "unless and until it is overruled by this court en banc or by the Supreme Court." United States v. Brown, 342 F.3d 1245, 1246 (11th Cir. 2003).

Because as a panel we are bound by Vega-Castillo, we affirm.

AFFIRMED.

---

[*] United States v. Vega-Castillo, 540 F.3d 1235 (11th Cir.), rehearing en banc denied, 548 F.3d 980 (11th Cir. 2008), cert denied, ___ U.S. ___, 129 S. Ct. 2825, 174 L. Ed.2d 556 (2009).