[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-10405
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 9, 2010
JOHN LEY
CLERK

D.C. Docket No. 1:08-cr-21097-JAL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRANCE SCOTT,
a.k.a. "T",

Defendant-Appellant.

_____

No. 10-10506
Non-Argument Calendar
_____

D.C. Docket No. 1:08-cr-21097-JAL-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TORRENCE HOLMES,
a.k.a. Ton Ton,

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(December 9, 2010)

Before TJOFLAT, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Terrance Scott and Torrence Holmes appeal their respective sentences of 108 and 144 months of imprisonment for conspiring to possess with intent to distribute heroin, 21 U.S.C. § 846, and possessing with intent to distribute heroin, id. §§ 841(a)(1), (b)(1)(C). Scott argues that he was entitled to a one-level reduction for his acceptance of responsibility, U.S. Sentencing Guidelines Manual § 3E1.1(b) (2008). Holmes argues that he was not responsible for five ounces or more of heroin and he should not have been classified as a career offender. We affirm.

The district court did not err by refusing to award Scott a one-level reduction for accepting responsibility. If a defendant qualifies for a two-level reduction for acceptance of responsibility, he may receive an additional one-level reduction upon motion of the government. U.S.S.G. § 3E1.1(b). The Guidelines

vest the government with broad discretion to determine if the additional reduction is warranted: "Because the Government is in the best position to determine whether the defendant has assisted authorities in a manner that avoids preparing for trial, an adjustment under subsection (b) may only be granted upon a formal motion by the Government at the time of sentencing." Id. cmt. n.6. The government did not move for Scott to receive the one-level reduction.

Scott argues that he is situated identically to his co-defendant Holmes and, by process of elimination, the government must have refused to grant the additional one-level reduction based on an unconstitutional motive, but we disagree. Scott fails to identify what unconstitutional motive purportedly lies behind the decision to deny the additional reduction, and the government provided a legitimate explanation for its decision. At the sentencing hearing, the government stated that it refused to move for an additional one-level reduction because Scott had made inconsistent statements about the amount of drugs involved in his crimes and had filed pro se objections in concert with co-defendant Holmes, all of which suggested that Scott had not accepted responsibility for his crimes. Scott is not entitled to relief.

The district court did not clearly err by attributing to Holmes 5 ounces or more of heroin. At the sentencing hearing, cohort Reginald Holsey authenticated

3

tape recorded telephone conversations in which Holmes purchased on at least five occasions single-ounce quantities of heroin from Holsey. See United States v. Mertilus, 111 F.3d 870, 873 (11th Cir. 1997). Holmes challenges Holsey's credibility, but the district court was entitled to credit Holsey's testimony. See United States v. Ramirez-Chilel, 289 F.3d 744, 749 (11th Cir. 2002). The record supports the finding that Holmes's offenses involved at least 5 ounces of heroin.

The district court also did not err in sentencing Holmes as a career offender. Holmes argues that his prior convictions are related and treated as a single offense for purposes of enhancement, but he acknowledges that his argument is foreclosed by our decision in United States v. Wilks, 464 F.3d 1240 (11th Cir. 2006). In Wilks, we held that prior felony convictions are counted separately when the defendant is arrested for his crimes on different days. Id. at 1244. Like the defendant in Wilks, Holmes was arrested on separate occasions for two different crimes of possessing with intent to distribute heroin.

We **AFFIRM** the sentences imposed on Scott and Holmes.