[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14910
Non-Argument Calendar

_____

D.C. Docket No. 8:11-cr-00020-JDW-MAP-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE ZAMORA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 17, 2012)

Before HULL, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Jorge Zamora appeals his forty-six-month sentence, imposed after pleading guilty to conspiracy to commit healthcare fraud, in violation of 18 U.S.C. § 1349. Zamora argues that the district court erred by enhancing the sentence for using sophisticated means. He also argues that the district court erred in enhancing his offense level for being a manager of criminal activity, pursuant to U.S.S.G. § 3B1.1(b).

## I.

Zamora first contends that the district court erred in enhancing his offense level for using sophisticated means. Zamora contends that his co-defendants did not hide their assets or transactions, use fictitious entities, corporate shells, or overseas accounts. He also notes that the government did not seek this enhancement for Zamora's co-defendants, and the scheme was easily detected.

We review the district court's finding that the defendant used sophisticated means for clear error. United States v. Ghertler, 605 F.3d 1256, 1267 (11th Cir. 2010). For a finding to be clearly erroneous, we must be left with "a definite and firm conviction that a mistake has been committed." Id. (quotation omitted).

U.S.S.G. § 2B1.1(b)(10)(C) provides for a two-level enhancement if the offense involved sophisticated means. The commentary to the Guidelines defines sophisticated means as

2

especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense. For example, in a telemarketing scheme, locating the main office of the scheme in one jurisdiction but locating soliciting operations in another jurisdiction ordinarily indicates sophisticated means. Conduct such as hiding assets or transactions, or both, through the use of fictitious entities, corporate shells, or offshore financial accounts also ordinarily indicates sophisticated means.

U.S.S.G. § 2B1.1, cmt. 8(B). We have held that there is no requirement that an individual defendant's actions be sophisticated, but rather, it is sufficient if the totality of the scheme was sophisticated. Ghertler, 605 F.3d at 1267.

Here, the district court did not err in applying the sophisticated means enhancement. Among other things, the scheme involved a shell company, used a nominee as president to shield the true owners, created fictitious patient files using the identities of real people, and required use of intricate Medicare lien and reimbursement processes. These facts tend to show that the scheme involved sophisticated means. See U.S.S.G. § 2B1.1, cmt. 8(B). Zamora has provided no legal support for his proposition that a scheme must be difficult to detect for it to qualify for the sophisticated means enhancement, nor for his assertion that a scheme is not sophisticated where the government does not seek the enhancement for all defendants. Accordingly, we affirm the district court's enhancement for use of sophisticated means.

3

II.

Pursuant to U.S.S.G. § 3B1.1(b), the district court enhanced Zamora's sentence by three levels because he managed the assets of the criminal activity. Zamora contends that he does not qualify for an enhancement under § 3B1.1(b).

We review de novo the district court's application of the facts to the sentencing guidelines.  United States v. Pham, 463 F.3d 1239, 1245 (11th Cir. 2006).

Section 3B1.1 provides for increases to a defendant's offense level based on his role in the offense:

(a)    If the defendant was an organizer or leader of criminal activity that involved five or more participants or was otherwise extensive, increase by 4 levels.

(b)    If the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive, increase by 3 levels.

U.S.S.G. § 3B1.1(a)-(b).

However, the commentary to this section states that "[t]o qualify for an adjustment under this section, the defendant must have been the organizer, leader, manager, or supervisor of one or more other participants."  U.S.S.G. § 3B1.1 cmt. 2 (emphases added); see also United States v. Wilks, 464 F.3d 1240, 1245 (11th

4

Cir. 2006) ("When it comes to the interpretation of the guidelines, Commentary and Application Notes of the Sentencing Guidelines are binding on the courts unless they contradict the plain meaning of the text of the Guidelines.") (quotations omitted).

Here, there is no dispute that the activity involved five or more participants. Also, the district court specifically found that Zamora had <u>not</u> organized, led, or supervised any of the other participants.[1]  Rather, it seems that the district court believed that Zamora could receive a three-level enhancement pursuant to § 3B1.1(b) solely because he managed the <u>assets</u> of the criminal organization.[2]  As the commentary indicates, Zamora could not receive any adjustment under § 3B1.1(a), (b), or (c) unless he was the organizer, leader, manager, or supervisor <u>of other participants</u>.  Thus, the district court erred in the application of the facts to § 3B1.1.

It is "not necessary to . . . remand cases for new sentence proceedings where the guidelines error . . . did not affect the sentence."  <u>United States v. Keene</u>, 470 F.3d 1347, 1349 (11th Cir. 2006) (quotation omitted).  When considering whether an alleged guideline error was harmless, we first must decide whether the district

---

[1]    Dkt. 150 at 57.

[2]    <u>Id.</u> at 58-59.

5

court would have reached the same result if it had decided the guideline issue the other way.  Id.

Here, we cannot say that the error was harmless.  It is true that Application Note 2 to § 3B1.1 does give a district court authority to impose "[a]n upward departure" where a defendant "exercised management responsibility over the property, assets, or activities of a criminal organization."  U.S.S.G. § 3B1.1 cmt. 2. However, the transcript of the sentencing hearing shows that the district court increased the offense by three levels directly pursuant to § 3B1.1(b)—which did not apply here—rather than pursuant to the authority given in Application Note 2. It is not clear whether the district court still would have imposed a three-level enhancement (in the form of a departure under Application Note 2) had the court not relied upon § 3B1.1(b); the court, in its discretion, might have chosen to impose a different amount of departure.  Indeed, the court suggested that it was deciding between a two- or three-level departure and explicitly concluded that a three-level enhancement was appropriate because § 3B1.1(b) applied. Accordingly, we vacate and remand this issue to the district court.  See Keene, 470 F.3d at 1349.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**