[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 20, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-11684
Non-Argument Calendar

_____

D. C. Docket No. 00-00801-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LISA HUNTER,
a.k.a. Lesa Hunter,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(December 20, 2007)**

Before BIRCH, DUBINA and WILSON, Circuit Judges.

PER CURIAM:

Lisa Hunter appeals her sentence of 14 months' imprisonment and 22

months' supervised release, imposed upon revocation of her prior supervised release. She argues that the district court abused its discretion in revoking her supervised release and that the sentence imposed was unreasonable. More specifically, Hunter argues that (1) the evidence of her possession of Xanax was disputed and insufficient to support a revocation of supervised release, (2) her sentence was procedurally unreasonable, as the district court failed to explicitly consider the 18 U.S.C. § 3553(a) factors, and (3) her sentence was substantively unreasonable.

Having violated numerous terms of her supervised release, Hunter was arrested by Detective Celina Hightower, who testified that she found 21 Xanax pills and Hunter's birth certificate in her purse. Detective Hightower testified further that Hunter admitted to possessing the Xanax. After Hunter's arrest, a probation officer petitioned the district court to revoke Hunter's supervised release, citing her numerous violations of its terms, including her unlawful possession of a controlled substance. At her final revocation hearing, Hunter testified that she did not possess the Xanax.

Where a defendant under supervised release possesses a controlled substance, she is subject to mandatory revocation of her supervised release and a prison term not in excess of the statutory maximum. 18 U.S.C. § 3583(g)(1). The

2

district court's findings of fact made at revocation proceedings are binding unless they are clearly erroneous. *United States v. Almand*, 992 F.2d 316, 318 (11th Cir. 1993). Furthermore, "[t]he credibility of a witness is in the province of the factfinder and this court will not ordinarily review the factfinder's determination of credibility." *United States v. Copeland*, 20 F.3d 412, 413 (11th Cir. 1994) (per curiam).

The district court did not abuse its discretion in revoking Hunter's supervised release. There was sufficient evidence for the district court to find that Hunter possessed Xanax and thus violated the condition of her supervised release forbidding her from possessing a controlled substance without a prescription.[1] Detective Hightower testified that she recovered 21 Xanax pills and a copy of Hunter's birth certificate from a purse belonging to Hunter, and that Hunter admitted to possessing the pills. While Hunter later testified that the pills did not belong to her and the purse did not contain her birth certificate, the district court appeared to have found Hightower more credible on this issue and we will not upset the district court's credibility determination. Thus, as sufficient evidence supported a finding that Hunter possessed a controlled substance without a

_____

[1] Xanax, or alprazolam, is a controlled substance under federal law. *See* 21 C.F.R. § 1308.14(c)(1) (listing alprazolam as a Schedule IV controlled substance); *United States v. Amedeo*, 370 F.3d 1305, 1311 (11th Cir. 2004) (stating that Xanax is alprazolam). Hunter did not present any evidence that she had a prescription for the Xanax pills.

prescription, the district court did not abuse its discretion in revoking her supervised release.[2]

Hunter next argues that her sentence was procedurally unreasonable because the district court did not expressly consider the 18 U.S.C. § 3553(a) factors and substantively unreasonable because her ultimate sentence after revocation was disproportionate to her underlying sentence.

We have determined that "when revocation of supervised release is mandatory under 18 U.S.C. § 3583(g), the statute does not require consideration of the § 3553(a) factors." *United States v. Brown*, 224 F.3d 1237, 1241 (11th Cir. 2000) (emphasis and internal quotation marks omitted). Because revocation of Hunter's supervised release was mandatory, the district court did not err in failing to explicitly consider the § 3553(a) factors. In any case, while the district court did not explicitly address the § 3553(a) factors, its decision was guided by the factors.[3] The district court considered the fact that Hunter had absconded from supervision, had a criminal record, and was in need of supervision. These statements reflect the seriousness of the offense, the history and characteristics of

---

[2] In any case, Hunter admitted to several other violations of the conditions of her supervised release, and the district court could have revoked based on these violations alone.

[3] Even when consideration of § 3553(a) factors is required, as long as the district court is guided by these factors, it need not state on the record that it has considered all of the factors or discuss each factor. *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir.), *cert. denied*, 76 U.S.L.W. 3275 (U.S. Nov. 26, 2007) (No. 07-6968) (initial sentencing context).

the offender, and the need for deterrence. *See* 18 U.S.C. § 3553(a)(1)-(2).

As to the substantive reasonableness of Hunter's sentence, our review is deferential to the sentencing court, and the party challenging her sentence bears the burden of establishing that her sentence is unreasonable. *See United States v. Wilks*, 464 F.3d 1240, 1245 (11th Cir.), *cert. denied*, — U.S. —, 127 S. Ct. 693, 166 L. Ed. 2d. 539 (2006). We have held that "when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam).

The district court imposed a reasonable sentence. While Hunter argues that her sentence upon revocation of supervised release was disproportionate to her original sentence, the sentence of 14 months' imprisonment was within the guidelines range, and we expect such sentences to be reasonable.

Hunter's argument that the district court erred by sentencing her to further supervision upon release from prison is meritless. Under U.S.S.G. § 7B1.3(g)(2), the district court could sentence Hunter to up to 22 months' supervised release upon release from prison.[4] Here, the district court explicitly highlighted Hunter's

---

[4] Section 7B1.3(g)(2) provides that upon revocation of a defendant's supervised release, the district court may impose an additional term of supervised release, as long as it does not "exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon

5

need for supervision, and decided to impose the full 22-month term of supervised release, a decision within the district court's sound discretion. Accordingly, we affirm Hunter's sentence.

**AFFIRMED.**

---

revocation of supervised release." Hunter's underlying offense subjected her to a three-year maximum term of supervised release. As the district court sentenced Hunter to 14 months' imprisonment upon revocation of her supervised release, it could sentence her to an additional 22 months of supervised release and be within the three-year maximum.