[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 26, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15281
Non-Argument Calendar

_____

D. C. Docket No. 07-00017-CR-JOF-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENDRICK MARQUIS MINTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(June 26, 2008)**

Before TJOFLAT, BLACK and FAY, Circuit Judges.

PER CURIAM:

Kendrick Marquis Minton appeals his 204-month sentence for two counts of armed bank robbery, in violation of 18 U.S.C. § 2113(a), (d), and § 2, and one count of possession of a firearm in relation to an armed bank robbery, in violation of 18 U.S.C. § 924(c) and § 2. First, Minton argues that he merely "brandished" the firearm used in the first bank robbery, and, therefore, the district court erred by applying a six-level increase to his offense level for "otherwise use" of a firearm. Second, Minton argues that he was entitled to a reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a), because, among other things, he did not receive an enhancement for obstruction of justice. Finally, Minton argues that his above-Guidelines sentence is substantively unreasonable. For the reasons set forth more fully below, we affirm.

I.

Minton pled guilty to: (1) armed bank robbery of approximately $2,326.00 from Wachovia Bank on or about December 20, 2006 (Count I); (2) armed bank robbery of approximately $37,477.86 from Bank of America on or about December 29, 2006 (Count III); and (3) using and carrying a firearm in relation to the Bank of America robbery (Count IV). Lindsey Orr was also charged in the indictment.

The presentence investigation report ("PSI") summarized the testimony of

2

the two Wachovia Bank tellers who testified at Orr's trial. One of the tellers testified that Minton walked up to her work station with a gun and demanded "50's and 100's." Minton told the teller to be calm, do what he said, and he would not hurt her. When the teller told Minton that she did not have 50's or 100's, Minton "stated, "stop lying bitch and waved the gun in her face." The teller testified that she put the money in the bag because "[s]he did not want to 'get shot' as he (Minton) had a gun in her face. She believed that if she did not give him (Minton) the money he demanded, he would have shot her." One of the still photos of the robbery showed Minton at the teller's station with the gun in his hand, but resting on the counter.[1]

Minton testified at Orr's trial that he did not author the demand note that was found in Orr's apartment. Even after the government presented evidence at Orr's trial that the handwriting on the note matched Minton's, Minton continued to deny that he wrote the note. The demand note was not used during the bank robberies.

In the PSI, Minton received a six-level increase for Count I (the Wachovia Bank conduct), pursuant to U.S.S.G. § 2B3.1(b)(2)(b), because a firearm was "otherwise used." The probation officer also applied a two-level increase for obstruction of justice, pursuant to U.S.S.G. § 2B3.1(b)(1). Minton objected to the

---

[1] Minton conceded at his sentencing hearing that 18 seconds of the robbery were not depicted in the still photographs taken from the bank's surveillance video.

3

increase for "otherwise use" of a firearm and to the obstruction of justice enhancement. Minton also asserted that he was entitled to a downward adjustment for acceptance of responsibility.

At the sentencing hearing, the government stated that the demand note that Minton testified about at Orr's trial was not material to its investigation or to the outcome of Orr's trial. However, the district court found that the misrepresentation was "material" because it affected Orr's sentencing. Nonetheless, the district court sustained Minton's objection concerning the obstruction of justice enhancement because the government indicated that it did not wish to pursue the enhancement further. The court overruled Minton's other objections. Without the obstruction of justice enhancement, the court calculated a Guidelines range of 87 to 109 months for Counts I and III. The court sentenced Minton to 120 months' imprisonment on Counts I and III, and 84 months' imprisonment on Count IV,[2] to run consecutively with the sentence imposed for Counts I and III. Minton preserved his objections to the court's rulings on the acceptance of responsibility and "otherwise use" issues, and he also objected to the reasonableness of his sentence.

## II.

"We review <u>de novo</u> the district court's application and interpretation of the

---

[2] The district court was required by statute to impose an 84-month sentence for Count IV. <u>See</u> 18 U.S.C. § 924(c)(1)(A)(ii).

4

sentencing guidelines, and we review factual findings for clear error." United States v. Wilks, 464 F.3d 1240, 1242 (11th Cir.), cert. denied, 127 S.Ct. 693 (2006) (internal citations omitted). The district court must correctly interpret and apply the Guidelines when calculating the appropriate advisory guideline range. United States v. Crawford, 407 F.3d 1174, 1178-79 (11th Cir. 2005).

In calculating a defendant's robbery offense level, six levels are added if a firearm was "otherwise used," and five levels are added if a firearm was brandished or possessed. U.S.S.G. § 2B3.1(b)(2)(B), (C). "'Otherwise used' with reference to a dangerous weapon (including a firearm) means that the conduct did not amount to the discharge of a firearm but was more than brandishing, displaying, or possessing a firearm or other dangerous weapon." U.S.S.G. § 1B1.1, comment. (n.1(I)). The Guidelines state that:

> "Brandished" with reference to a dangerous weapon (including a firearm) means that all or part of the weapon was displayed, or the presence of the weapon was otherwise made known to another person, in order to intimidate that person, regardless of whether the weapon was directly visible to that person. Accordingly, although the dangerous weapon does not have to be directly visible, the weapon must be present.

Id., comment. (n.1(C)).

We have recently noted that "[a]s our case law has made clear, the use of a firearm to make an explicit or implicit threat against a specific person constitutes

5

'otherwise use' of the firearm." United States v. Douglas, 489 F.3d 1117, 1129 (11th Cir. 2007), cert. denied, (U.S. Apr. 14, 2008) (No. 07-8765) (citations and quotation marks omitted). In Douglas, we found that the defendant "otherwise used" a firearm when he showed the gun to the victim and verbally threatened her, even though the defendant never pointed the gun at the victim and kept the gun "in as secretive location as he possibly could." Id. at 1128-29. Thus, we concluded that the district court properly applied the six-level increase in offense level. Id. at 1129.

Minton's argument that he merely "brandished" the firearm is foreclosed by binding precedent. According to the bank teller's testimony that is referenced in the PSI,[3] Minton used the firearm to make an implicit threat against a specific person, and his behavior constitutes "otherwise use" of the firearm, even though he neither pointed the weapon at the teller nor placed the weapon in close proximity to her. See Douglas, 489 F.3d at 1129. Thus, that the district court properly applied the increase in offense level for Minton's having "otherwise used" a firearm.

III.

We review the district court's determination of acceptance of responsibility

---

[3] Minton did not object to the PSI's facts. Therefore, those facts are deemed admitted for sentencing purposes. See United States v. Shelton, 400 F.3d 1325, 1330 (11th Cir. 2005) (finding that factual findings set forth in a PSI and not objected to by a defendant are deemed admitted).

for clear error.  See United States v. Amedeo, 370 F.3d 1305, 1320 (11th Cir. 2004).  "A district court's determination that a defendant is not entitled to acceptance of responsibility will not be set aside unless the facts in the record clearly establish that a defendant has accepted personal responsibility."  United States v. Sawyer, 180 F.3d 1319, 1323 (11th Cir. 1999).  "The defendant bears the burden of clearly demonstrating acceptance of responsibility and must present more than just a guilty plea."  Id.

A defendant is entitled to a two-level reduction in his offense level if he "clearly demonstrates acceptance of responsibility for his offense."  U.S.S.G. § 3E1.1(a).  Even where a defendant pleads guilty, he is not entitled to a reduction for acceptance of responsibility if he acts in a way inconsistent with acceptance of responsibility.  U.S.S.G. § 3E1.1, comment. (n.3).  For example, a defendant is not entitled to a reduction when he "falsely denies, or frivolously contests, relevant conduct that the court determines to be true."  Id., comment. (n.1(a)).  "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review."  Id., comment. (n.5).

"Conduct resulting in an enhancement under § 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has

not accepted responsibility for his criminal conduct. There may, however, be extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply." Id., comment. (n.4). "[P]roviding materially false information to a judge or magistrate" is an example of the type of conduct to which the obstruction of justice enhancement applies. U.S.S.G. § 3C1.1, comment. (n.4(f)). "'Material' evidence, fact, statement, or information . . . means evidence, fact, statement, or information that, if believed, would tend to influence or affect the issue under determination." Id., comment. (n.6).

Initially, Minton's argument, that he is entitled to a reduction for acceptance of responsibility because his misrepresentations at Orr's trial did not qualify for an obstruction of justice enhancement, is without merit. Although the commentary to § 3E1.1 (acceptance of responsibility) states that "[c]onduct resulting in an enhancement under § 3C1.1 . . . ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct," contrary to Minton's assertions otherwise, it does not follow that, if an obstruction of justice enhancement is not applied, a reduction for acceptance of responsibility must be applied. U.S.S.G. § 3E1.1(a), comment. (n.4). Further, although the court stated at the sentencing hearing that Minton's representation was "material," a denial of a reduction for acceptance of responsibility does not require a finding of materiality. See U.S.S.G.

8

§ 3E1.1(a).

Minton acted in a way inconsistent with acceptance of responsibility because he falsely denied relevant conduct that the district court determined to be true. See U.S.S.G. § 3E1.1(a), comments. (n.1(a), n.3, n.5). Thus, the district court did not clearly err by denying him a reduction under § 3E1.1(a). See Amedeo, 370 F.3d at 1320.

IV.

"'In reviewing the ultimate sentence imposed by the district court for reasonableness, we consider the final sentence, in its entirety, in light of the [18 U.S.C.] § 3553(a) factors.'" United States v. Valnor, 451 F.3d 744, 750 (11th Cir. 2006) (citation omitted). The party challenging the reasonableness of a sentence "bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

The Supreme Court recently clarified the reasonableness standard as a review for abuse of discretion. Gall v. United States, 552 U.S. —, 128 S.Ct. 586, 594, 169 L.Ed.2d 445 (2007). Appellate courts should "take into account the totality of circumstances, including the extent of a deviation from the Guidelines range." Id., 128 S.Ct. at 597. We will remand for resentencing only if we are "left

with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008) (quotation marks omitted). Specifically, the district court must impose a sentence that is both procedurally and substantively reasonable. Gall, 128 S.Ct. at 597.

> When reviewing the sentence for procedural reasonableness, we must
>
> ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range.

Id.

"In considering the substantive reasonableness of the sentence, we may not apply a presumption of unreasonableness where a sentence is outside of the Guidelines range, and we must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." United States v. Livesay, No. 06-11303, slip op. at 1912 (11th Cir. Apr. 23, 2008) (citations and quotation marks omitted). However, "Gall makes clear that 'it also remains true that the district court's choice of sentence is not unfettered.'" Id.

10

(citation omitted). "[T]he district court is obliged to consider all of the § 3553(a) factors, and those factors in turn guide appellate courts, as they have in the past, in determining whether a sentence is unreasonable." Id. (citations and punctuation marks omitted).

Because we review for substantive unreasonableness under the "totality of circumstances," "a district court need not discuss each Section 3553(a) factor, although where the judge imposes a sentence outside the Guidelines, the judge will explain why he has done so." Pugh, 515 F.3d at 1191 n.8 (internal citations and punctuation marks omitted). "[A] district court's unjustified reliance on any one Section 3553(a) factor may be a symptom of an unreasonable sentence." Id. at 1191. However, such a sentence is not necessarily unreasonable. See Gall, 128 S.Ct. at 602 (holding that a district court did not commit reversible error simply because it "attached great weight" to one factor). "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007) (quotation omitted).

The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to afford adequate deterrence, to promote respect for

the law, to provide just punishment for the offense, to protect the public, and to provide the defendant with needed educational or vocational training or medical care; (3) the kinds of sentences available; (4) the advisory guidelines range; (5) pertinent Sentencing Commission policy statements; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to victims. 18 U.S.C. § 3553(a)(1)-(7).

The district court adequately explained, based upon the § 3553(a) factors and the circumstances in this case, why it varied above the Guidelines range. The record does not support Minton's contention that the court focused on the single issue of incapacitating him in order to prevent an early release from prison, and Minton has not shown that his 120-month sentence, which was well below the statutory maximum of 25 years' imprisonment, was unreasonable in light of both the record and the § 3553(a) factors.[4] Accordingly, the court did not commit a clear error in judgment sentencing Minton.

In light of the foregoing, Minton's sentence is

**AFFIRMED.**

---

[4]The 120 month sentence was supplemented by the mandatory 84 month sentence resulting in the total sentence of 204 months.