[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 16, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15821
Non-Argument Calendar
_____

D. C. Docket No. 05-00129-CR-FTM-29-SPC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEOPOLDO CAICEDA CAICEDA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 16, 2007)**

Before TJOFLAT, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

In December 2005, appellant and three other men were apprehended while aboard a fishing vessel transporting more than 3,500 pounds of cocaine headed for the United States. Appellant was the vessel's captain. A Middle District of Florida grand jury subsequently returned a two-count indictment against appellant and his crew members charging them in Count One of possession with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. app. § 1903(a), (g), and 21 U.S.C. § 960(b)(1)(B)(ii), and in Count Two of conspiring to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. app. § 1903(a), (g), (j), and 21 U.S.C. § 960(b)(1)(B)(ii). Appellant pled guilty to both counts (without a plea agreement), and on October 16, 2006, he was sentenced. The district court determined that the Sentencing Guidelines prescribed incarceration for a term of 168-210 months for a person, like appellant, with a criminal history category of I, and imposed concurrent prison sentences of 190 months.

He now appeals, arguing that the district court erred (1) in imposing a sentence considerably more severe than those of his crew members and thus disparate, and that his sentence is unreasonable.

We conduct a <u>de novo</u> review of the district court's application and interpretation of the Guidelines and review the district court's factual findings for clear error. <u>United States v. Smith</u>, No. 06-14077, slip op. 1393, 1394 (11th Cir. March 19, 2007). We review the ultimate sentence imposed for reasonableness in the context of the 18 U.S.C. § 3553(a) sentencing purposes. <u>United States v. Wilks</u>, 464 F.3d 1240, 1245 (11th Cir.), <u>cert. denied</u>, 127 S.Ct. 693 (2006). The reasonableness review is deferential, and the burden of proving that the sentence is unreasonable in light of the record and the § 3553(a) purposes rests on the party challenging the sentence. <u>Id.</u> Although a sentence within the Guidelines range will not be considered <u>per se</u> reasonable, "when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." <u>United States v. Talley</u>, 431 F.3d 784, 787-88 (11th Cir. 2005).

The 18 U.S.C. § 3553(a) purposes include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the advisory

3

guidelines range; (8) the need to avoid unwanted sentencing disparities; and (9) the need to provide restitution to victims. The district court need not discuss each factor or state on the record that it has explicitly considered each factor. Talley, 431 F.3d at 786. An acknowledgment by the district court that it has considered the defendant's arguments and the § 3553(a) factors will suffice. Id.

The record reveals that the district court treated the Guidelines as advisory, not mandatory; hence, the court adhered to the teaching of United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L.Ed.2d 621 (2005). Additionally, appellant has not met his burden to establish that the district court imposed unreasonable sentences. The record reflects that the court properly considered the purposes of sentencing as reflected in 18 U.S.C. § 3553(a), and all of his arguments, including the argument that he might not qualify for certain benefits because of his non-citizen status.

To the extent that appellant argues that the district court failed to consider that he was subject to an immigration detainer as a basis for a downward departure under U.S.S.G. § 5K2.0, we lack the authority to review the district court's decision not to apply a downward departure because the district court recognized its authority to depart downward. See United States v. Winingear, 422 F.3d 1241, 1245-46 (11th Cir. 2005). In sum, appellant's sentences are due to be, and are,

4

**AFFIRMED.**