[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10162
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-20580-KMM-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SANJAY JOHNSON,

Defendant-Appellant,

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 6, 2013)

Before WILSON, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Sanjay Johnson appeals his 30-month sentence after pleading guilty to one

count of illegal reentry in violation of 8 U.S.C. § 1326(a), (b)(2).  On appeal,

Johnson argues that his sentence was substantively unreasonable in light of the

factors set forth in 18 U.S.C. § 3553(a), and should be less because he will not be entitled to participation in a drug treatment program or other benefits, because he is not a U.S. citizen.

## I.

Johnson is a Jamaican national who was deported on September 9, 2010, following two drug convictions and violations of his probation.  On July 21, 2012, U.S. Customs and Border Patrol stopped a vessel carrying several foreign nationals, including Johnson, attempting to enter the U.S.  The following month, Johnson was indicted for illegal reentry in violation of 8 U.S.C. § 1326(a), (b)(2), and pled guilty.  In determining his sentence, the district court considered a presentence investigation report (PSI) which determined that Johnson's base offense level was 8, and that base was raised by 12 levels because he was unlawfully returning after conviction for a felony drug offense for which the sentence imposed was 13 months or less.  *See* USSG § 2L1.2.  Additionally, Johnson's offense level was reduced because he accepted responsibility for his offense and because the government filed a motion stating that he assisted authorities by timely notifying them of his intention to plead guilty.  After determining Johnson's offense level to be 17, the PSI detailed his criminal history, including several convictions and revoked probation, and assigned a criminal history level III.  With a total offense level of 17 and criminal history of III,

Johnson's advisory sentencing guidelines range was 30-37 months imprisonment, and the statutory range was 0 to 20 years imprisonment. Johnson filed a memorandum seeking a deviation from the applicable guideline based upon the 18 U.S.C. § 3553(a) factors. Specifically, Johnson argued that he was ineligible for the drug treatment program and halfway house because he was not a citizen and would be transferred to an immigration detention facility following his release. Thus, Johnson argued that he should have his sentence reduced because of this disparity caused by his ineligibility for these programs.

Following a hearing, the district court explained that the fact that Johnson could not reap the benefit of a drug treatment program or halfway house was the result of the nature of the offense because he was a non-citizen. Indeed, as U.S. citizens cannot be convicted of illegal reentry, these are not benefits that citizens received that non-citizens could not receive. The district court sentenced Johnson to 30 months imprisonment, and he was instructed to surrender to immigration authorities after imprisonment. This appeal ensued.

II.

We review the reasonableness of a sentence for abuse of discretion and reverse only if the district court is shown to have made clear error. *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007). The party challenging the sentence bears the burden of proving the sentence is unreasonable. *United States v.*

*Tome,* 611 F.3d 1371, 1378 (11th Cir. 2010).    In determining substantive reasonableness, we examine the totality of the circumstances, including an evaluation of whether the factors in § 3553(a) support the sentence.  *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).  The district court shall impose a sentence "sufficient, but not greater than necessary to comply with the purposes" of § 3553(a)(2), which include the need to reflect the seriousness of the offense, to promote respect for the law, and to deter the criminal conduct.  *Id.*  The court shall also consider the circumstances of the offense and the history and characteristics of the defendant, as well as the sentencing range.  18 U.S.C. §§ 3553(a)(1), (a)(4).  We ordinarily expect that a sentence falling within the guidelines range will be reasonable.  *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).

## III.

On appeal, Johnson reiterates that a sentencing court must consider the guidelines range in light of other statutory concerns.  *See United States v. Booker*, 125 S. Ct. 738, 756 (2005).  Johnson repeats his argument that because he is not a U.S. citizen, he will not be able to attend a drug treatment program while incarcerated and thereby reduce his sentence, and upon release, he will be transferred to a detention facility.  Johnson insists that this represents disparate treatment and should be considered in reducing his sentence.  *See* 18 U.S.C. § 3553(a)(6) (emphasizing "the need to avoid unwarranted sentence disparities

among defendants with similar records who have been found guilty of similar conduct").

In response, the government insists that Johnson's sentence is substantively reasonable.  The district court explicitly addressed the § 3553(a) factors, explaining that Johnson's extensive criminal history, including distribution of narcotics and use of firearms, justified his sentence.   Further, the sentence is presumed reasonable because it is at the bottom of the guidelines range and was supported by the nature of the circumstances.  *Gall*, 552 U.S. at 51, 128 S. Ct. at 597.  Third, in response to Johnson's argument that he will serve a longer sentence due to being denied entry into a drug treatment program and halfway house, the government cites a case in which we rejected a similar argument.  *United States v. Caiceda*, 224 Fed. Appx. 947, 949 (11th Cir. 2007) ("[T]he record reflects [that] the court properly considered the purposes of sentencing as reflected in 18 U.S.C. § 3553(a), and all of [petitioner's] arguments, including the argument that he might not qualify for certain benefits because of his non-citizen status.").   Finally, the government argues that Johnson's 30-month sentence is substantially lower than the 20 year statutory maximum for which he was eligible.  *See Gonzalez*, 550 F.3d at 1324 (11th Cir. 2008) (noting that one indication of the reasonableness of defendant's sentence was that it was "well below" the applicable statutory maximum).

5

Upon review, it is evident that Johnson's 30-month sentence is substantively reasonable in light of the § 3553(a) factors and circumstances.  *See id.* at 1323–24. His sentence is on the low end of the advisory guideline range.  *See Hunt*, 526 F.3d at 746.  In addition, the district court considered Johnson's prior criminal history including his drug and firearm offenses, and violation of his probation.  Further, Johnson's argument that he will not be entitled to certain sentence-reducing programs because he is not a citizen is unavailing, as the nature of his crime definitionally applies only to non-citizens.  Based on these considerations, the district court did not abuse its discretion in imposing a 30-month sentence.  Thus, upon review of the record and consideration of the parties' briefs, we affirm Johnson's sentence.

**AFFIRMED.**